United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 5, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10610
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

PHILIP TORRES,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:03-CR-122-ALL-J
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Philip Torres appeals his conditional guilty-plea conviction

for possession with intent to distribute 500 grams or more of

methamphetamine.  The Government's unopposed motion to file a

corrected brief is GRANTED.

    Torres argues that the district court erred by denying his

motion to suppress because Texas Department of Public Safety

Trooper Toby Schaef violated the Fourth Amendment by

interrogating him and his co-defendant David Alberto Avila-

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Coronado ("Avila") about matters exceeding the scope of the justification for the traffic stop without reasonable suspicion that a crime other than the traffic violation had been or was being committed.

Torres does not challenge the district court's factual finding that Trooper Schaef asked for and received consent to search the vehicle contemporaneously with his issuance of a citation to Avila. As the issuance of a citation is a permissible part of a valid traffic stop, the district court did not err in determining that Trooper Schaef did not extend the detention beyond the valid traffic stop. See United States v. Shabazz, 993 F.2d 431, 437 (5th Cir. 1993). Although Trooper Schaef's interrogation of Torres and Avila exceeded the scope of the justification for the traffic stop, this did not violate the Fourth Amendment as we have rejected "any notion that a police officer's questioning, even on a subject unrelated to the purpose of a routine traffic stop, is itself a Fourth Amendment violation." United States v. Brigham, 382 F.3d 500, 508 (5th Cir. 2004) (en banc) (quoting Shabazz, 993 F.2d at 436). Accordingly, Torres's conviction is AFFIRMED.